IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER S. BRAUGH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-01-3367 |
| | § | (Criminal Number H-96-168-1) |
| UNITED STATES OF AMERICA, | § | |
| | § | United States Courts |
| | § | Southern District of Texas |
| Respondent. | § | ENTERED |

APR 3 0 2002

Michael N. Milby, Clerk of Court

### ORDER

Pending before the Court is Movant's Unopposed Motion for Extension of Time to File a Memorandum of Law In Support of Motion to Vacate, Set-Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Docket Entry No. 336 in Criminal Action No. 96-168-1) (hereinafter "Third Motion for Extension of Time") filed by Roger S. Braugh. For the reasons stated below, the Motion will be granted.

On January 20, 1998, Braugh was sentenced to 33 months in prison on several counts including conspiracy, wire fraud, and mail fraud. (2255 Motion at 2) Braugh's appeals were unsuccessful and on October 1, 2001, he filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 328) in this court. In an attachment following page 6 of the 2255 Motion, Braugh reserved the right to file a memorandum of law in support of the issues raised. The court entered an Order on October 10, 2001, giving the United

#2

States 60 days to answer Braugh's 2255 Motion. (Docket Entry No. 329)  On November 20, 2002, before the government filed an answer, Braugh filed his first motion for extension of time. (Docket Entry No. 330)  Braugh cited his attorney's unmanageable workload and argued that he needed extra time in which to file his memorandum of law.  The court granted the request and gave Braugh until January 22, 2002, to file a memorandum of law.  (Order, Docket Entry No. 331)  The court also clarified that the government had 60 days from the filing of Braugh's memorandum of law in which to file its answer.  (Order, Docket Entry No. 332)

Rather than file a memorandum of law, on January 2, 2002, Braugh filed a second motion for extension of time.  (Docket Entry No. 334)  This time, Braugh argued that his claims were so complex that it was necessary to hire a private investigator to substantiate his claims.  The private investigator needed more time because he was having difficulty obtaining necessary information. The court again granted the motion and gave Braugh until April 22, 2002 to file a memorandum of law.  (Order, Docket Entry No. 335)

On April 19, 2002, instead of filing a memorandum of law, Braugh filed his Third Motion for Extension of Time, explaining that the private investigator had been hospitalized and was unable to interview several individuals with relevant information. (Third Motion for Extension of Time, Docket Entry No. 336 at 2)  The April 22, 2002 deadline came and went but Braugh did not file a memorandum of law.

The court understands that unforseen events may occasionally require that the court adjust its docket to accommodate the needs of litigants. At the same time, however, the court must prevent undue delays and congestion in the court's docket. Therefore, the court will grant Braugh's motion with the following caveats. Braugh's memorandum of law must be filed on or before May 10, 2002. This is the last extension of time that Braugh will be given with respect to the memorandum of law. Failure to file a memorandum of law on or before May 10, 2002 will indicate to the court that Braugh is not interested in pursuing his claims and this case may be dismissed with prejudice for want of prosecution. Cf. Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte* without motion by a defendant.")

For the foregoing reasons, Braugh's Motion for Extension of Time (Docket Entry No. 336) is **GRANTED**. Braugh has until May 10, 2002 to file a memorandum of law. Failure to do so may result in dismissal of this case with prejudice.

**SIGNED** at Houston, Texas, on this 29th day of April, 2002.

SIM LAKE
UNITED STATES DISTRICT JUDGE